WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 000050
Natalie C. Lehman, Esq.
Nevada Bar No. 12995
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
nlehman@wrightlegal.net
*Attorneys for Defendant,*
*OCWEN LOAN SERVICING, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA B. HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | Case No.: 2:15-CV-00499-RFB-NJK<br><br>**PLAINTIFF CYNTHIA B. HALL AND DEFENDANT OCWEN LOAN SERVICING, LLC'S JOINT MOTION TO EXTEND DISCOVERY DEADLINES (First Request)** |

Pursuant to Local Rules 6-1 and 26-4, Plaintiff Cynthia B. Hall, *pro se*, and Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through its attorneys of record, Dana Jonathon Nitz, Esq., and Natalie C. Lehman, Esq., of the law firm of Wright, Finlay & Zak, LLP, hereby jointly move the Court to extend the time to conduct discovery.

This Motion is based on the attached memorandum of law, all pleadings on file, and any such argument as permitted by the Court.

//

//

//

Page 1 of 6

| | |
|---|---|
| DATED this 16th day of May, 2016. | DATED this 16th day of May, 2016. |
| | **WRIGHT, FINLAY, & ZAK, LLP** |
| /s/ Cynthia B. Hall _____ | /s/ Natalie C. Lehman, Esq. |
| Cynthia B. Hall<br>9833 Camino Loma Verde Avenue<br>Las Vegas, Nevada 89117<br>(702) 513-2076<br>*Plaintiff, Pro Se* | Dana Jonathon Nitz, Esq.<br>Nevada Bar No. 00050<br>Natalie C. Lehman, Esq.<br>Nevada Bar No. 12995<br>7785 W. Sahara Avenue, Suite 200<br>Las Vegas, NV 89117<br>*Attorneys for Defendant*<br>*Ocwen Loan Servicing* |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Hall and Ocwen jointly request an extension of time to complete discovery in this matter. Pursuant to Local Rule 26-4, this motion is being filed at least twenty-one days prior to the current discovery deadline of June 6, 2016. The parties request an extension until August 8, 2016.

Ocwen appeared in this matter on April 17, 2015 and filed a motion to dismiss on April 22, 2015. [Dkt. Nos. 5-6.] On July 2, 2015, while the motion to dismiss was pending, Ocwen filed a motion to stay discovery pending a ruling on the motion to dismiss. [Dkt. No. 15.] This Court granted that motion on July 20, 2015. [Dkt. No. 17.] On March 7, 2016, the Court held a motion hearing on the motion to dismiss and granted the motion in part and denied the motion in part. [Dkt. No. 21.] Plaintiff was given leave to amend the complaint within 30 days, the discovery stay was lifted, and the parties were required to submit a proposed scheduling order within three weeks. [*Id.*] Neither of the parties engaged in any discovery prior to the March 7, 2016 order resolving the motion to dismiss.

Hall filed an amended complaint on March 28, 2016. [Dkt. No. 22.] The amended complaint asserts claims against Ocwen under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

1  ("TCPA"). The parties conducted a meet and confer pursuant to Federal Rule of Civil Procedure
2  26(f) on March 28, 2016 and filed a proposed discovery plan and scheduling order that day.
3  [Dkt. No. 23.] The Court entered a joint discovery plan and scheduling order on March 29, 2016.
4  [Dkt. No. 24.] The joint discovery plan and scheduling order set a deadline of April 11, 2016 for
5  the parties to make their initial disclosures under Federal Rule of Civil Procedure 26(a). Ocwen
6  served its initial disclosures under Rule 26(a) on April 11, 2016. Ocwen served its first sets of
7  interrogatories, requests for production, and requests for admission on May 4, 2016. Ocwen has
8  also noticed Hall's deposition, by agreement, for June 8, 2016. Hall has not served any discovery
9  requests upon Ocwen and has not yet made her Rule 26(a) disclosures.

10  The parties seek an extension of the discovery cut-off until August 8, 2016 in order to
11  ensure they have complete written discovery responses—which are necessary before any third-
12  party discovery can be taken—and prior to taking the parties' depositions. Ocwen anticipates
13  receiving responses to its discovery requests by June 6, 2016. If Hall, who is *pro se*, is unable to
14  complete her responses by that date, Ocwen will be unable to take Hall's complete deposition on
15  June 8, 2016. Additionally, Ocwen intends to take third-party discovery of any of Hall's
16  telephone service providers with respect to the TCPA claim. Ocwen intends to complete this
17  discovery prior to Hall's deposition, but Ocwen will first need a Rule 26(a) disclosure or
18  responses to its discovery requests that identify the telephone service providers.

19  Good cause exists to grant this Motion because both parties have discovery that needs to
20  be completed before dispositive motions can be prepared and filed. Ocwen, in an effort to
21  conserve resources and minimize costs, did not engage in any discovery between its first
22  appearance in the case and the ruling on the motion to dismiss. Since the entry of the joint
23  discovery plan and scheduling order, Ocwen has been diligently attempting to complete
24  discovery: it engaged in a Rule 26(f) conference with Hall and timely made its Rule 26(a)
25  disclosures, it has issued written discovery requests to Hall, and it has issued a notice of
26  deposition to Hall.

27  The extension sought will also allow Ocwen sufficient time to complete and review
28  responses to party and third-party discovery prior to Hall's deposition, will allow additional time

1 for Hall to conduct discovery, and will allow for a complete record prior to the deadline for
2 dispositive motions. This is the parties' first request for an extension and is not intended to cause
3 any delay or prejudice to any party or to the Court.

4 **II.    CURRENT DISCOVERY STATUS**

5     Rule 16(b) provides that a scheduling order may be modified "for good cause and with
6 the judge's consent." *See* Fed.R.Civ.P. 16(b)(4). Good cause exists here because Hall is *pro se*
7 and needs additional time to conduct discovery, and Ocwen has diligently pursued its
8 investigation of this case but nonetheless has not been able to complete its discovery.

9     The discovery completed to date includes:

10         a) Both parties engaged in a Rule 26(f) conference,
11         b) Ocwen has served its Rule 26(a) Initial Disclosures,
12         c) Ocwen has served written discovery,
13         d) Ocwen has noticed the deposition of Hall.

14     The discovery that remains to be completed includes:

15         a) Responses from Hall to Ocwen's written discovery,
16         b) Ocwen's service of subpoenas duces tecum on any telephone service
17             providers identified in Hall's discovery responses or Rule 26(a) Initial
18             Disclosures,
19         c) Deposition of Hall,
20         d) Any discovery Hall intends to take.

21     The reasons why the deadline was not satisfied or the remaining discovery was not timely
22 completed include: due to the pendency of Ocwen's motion to dismiss, neither party engaged in
23 early discovery in an effort to conserve resources and minimize costs. Since the entry of the joint
24 discovery plan and scheduling order, the parties have conferred about discovery and Ocwen has
25 served written discovery and has noticed Hall's deposition. However, due to the minimal time
26 left to complete discovery and because of the sequencing in which Ocwen intends to complete
27 third-party discovery and take Hall's deposition, Ocwen needs additional time to review Hall's
28 written discovery responses, subpoena any telephone service providers, and then take Hall's

deposition. Hall, who is proceeding *pro se*, intends to issue discovery to Ocwen and has not yet done so due to excusable neglect; Hall now understands her obligations to serve discovery requests prior to the discovery cut-off date and seeks additional time in order to serve timely discovery requests.

The parties propose the following schedule for completing remaining discovery:

    a) Discovery Cut-Off Date:  August 8, 2016

    b) Dispositive Motion Deadline: September 7, 2016

    c) Pre-Trial Order: October 7, 2016

The parties further request that, in the event a future dispositive motion is filed, the date for filing the joint pre-trial order be suspended until 30 days after decision of the dispositive motions or further order of the Court.

### III. CONCLUSION

For these reasons, Plaintiff Cynthia B. Hall and Defendant Ocwen Loan Servicing, LLC respectfully request the Court extend the discovery deadline from June 6, 2016 until August 8, 2016 and any other relief the Court deems necessary.

DATED this 16th day of May, 2016.                DATED this 16th day of May, 2016.

                                                **WRIGHT, FINLAY, & ZAK, LLP**

*/s/ Cynthia B. Hall*_____                */s/ Natalie C. Lehman, Esq.*
Cynthia B. Hall                                      Dana Jonathon Nitz, Esq.
9833 Camino Loma Verde Avenue                        Nevada Bar No. 00050
Las Vegas, Nevada 89117                              Natalie C. Lehman, Esq.
(702) 513-2076                                       Nevada Bar No. 12995
*Plaintiff, Pro Se*                                  7785 W. Sahara Avenue, Suite 200
                                                     Las Vegas, Nevada 89117
                                                     *Attorneys for Defendant*
                                                     *Ocwen Loan Servicing, LLC*

IT IS SO ORDERED.
Dated: May 17, 2016

_____
United States Magistrate Judge