**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CYNTHIA B. HALL,  ) | Case No. 2:15-cv-00499-RFB-NJK |
|            Plaintiff(s),  ) | |
|                   ) | ORDER DENYING MOTION TO COMPEL |
| vs.  ) | |
|                   ) | (Docket No. 46) |
| OCWEN LOAN SERVICING, LLC,  ) | |
|            Defendant(s).  ) | |

Pending before the Court is Plaintiffs' motion to compel. Docket No. 46. "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before

filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."  Local Rule 26-7(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

//
//
//
//
//
//
//
//

---

[1] These requirements are now largely codified in the Court's newly effective local rules.  *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

2

The pending motion fails to provide any indication that a pre-filing conference was conducted. While the Court recognizes that Plaintiff is *pro se*, she must still comply with the applicable rules. *See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Accordingly, the motion to compel is **DENIED** without prejudice. Plaintiff may renew that motion if a meet-and-confer is conducted as outlined above, and the renewed motion must otherwise comport with all applicable rules.[2]

IT IS SO ORDERED.

DATED: October 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

_____

[2] The pending motion also fails to include citation to legal authority or provide argument specific to each discovery request in dispute. Any renewed motion must explain why Plaintiff believes she is entitled to relief with respect to each discovery request. *See* Local Rule 7-2(a).

3