UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CYNTHIA B. HALL,

        Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

        Defendant.

Case No. 2:15-cv-00499-RFB-NJK

**ORDER**

This action, filed by Plaintiff Cynthia B. Hall ("Plaintiff") was commenced on March 19, 2015. (ECF No. 1). In the operative Amended Complaint (ECF No. 22), Plaintiff asserts the following causes of action against Defendant Ocwen Loan Servicing, LLC ("Defendant"): (1) violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"); and (2) violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). Defendant filed a Motion for Summary Judgment on November 7, 2016. (ECF No. 49). On November 18, 2016, Plaintiff filed a Response. (ECF No. 53). Defendant filed a Reply on December 5, 2016. (ECF No. 54). The Court held a hearing on the motion on August 1, 2017, and granted the motion on the record. (ECF No. 63). During the hearing, the Court also denied Plaintiff's oral request to amend the Complaint, and granted Plaintiff leave to file a motion for reconsideration within 30 days.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey

a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor has been met, as the merits of the case were discussed in the summary judgment briefings as well as during the hearing on the motion. Finally, the "consideration of alternatives" requirement is satisfied. At the August 1, 2017 hearing, counsel for Plaintiff was provided 30 days to file a motion for reconsideration of the Court's findings of undisputed facts. See Ferdik, 963 F.2d at 1262 ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal.") After conceding summary judgment, Plaintiff's counsel stated that he would not file a motion for

reconsideration if there were no reasonable grounds to do so. Thus, Plaintiff had adequate warning that the summary judgment would be entered against her and her case would be dismissed unless a motion for reconsideration was filed.

**IT IS THEREFORE ORDERED** that this action is dismissed with prejudice based on Plaintiff's failure to file a motion for reconsideration within 30 days of the August 1, 2017 hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close the case.

DATED this 16th day of May, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE